UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| K2 CONSTRUCTION CONSULTANTS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> RCGA ARCHITECTS, P.C., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff K2 Construction Consultants, Inc, ("K2" or "Plaintiff") by and through its attorneys, Holland & Knight LLP, as and for its Complaint, alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of contract, seeking damages arising from Defendant RCGA Architects, P.C.'s ("RCGA" or "Defendant") breach of a design and construction subcontract. The parties entered into a binding and enforceable contract on or about May 18, 2016, which K2 has fully performed. RCGA breached the subcontract by failing to make payments to K2 pursuant to the terms of the subcontract and after receiving periodic invoices, to which RCGA has raised no objections.

## PARTIES

2. K2 Construction Consultants, Inc. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 4330 East-West Highway, Suite 320, Bethesda, Maryland 20814.

3. RCGA Architects, P.C. is a corporation organized under the laws of the State of New York with its principal place of business located at 90-04 161st Street, Penthouse Suite 801, Jamaica, New York 11432.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this civil action is between a citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. The citizenship of K2, a corporation, is determined based on the state of incorporation and its principal place of business. Accordingly, K2 is a citizen of the State of Maryland only.

6. The citizenship of RCGA, also a corporation, is determined based on the state of incorporation and its principal place of business. Accordingly, RCGA is a citizen of the State of New York only.

7. As more fully set out in Paragraphs 18-24, *infra*, the amount in controversy is approximately $81,455.69, exclusive of pre- and post-judgment interest and costs.

8. This Court may properly assert personal jurisdiction over RCGA because it is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York, transacting business within the State of New York. Moreover, the contract in dispute here was performed in the State of New York.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1), as RCGA is a resident of this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in this judicial district..

## BACKGROUND FACTS

10. In or about the spring of 2016, K2 and RCGA engaged in discussions concerning K2's willingness to provide certain services in support of design work to be provided by RCGA at

LaGuardia International Airport for the Concourse B Temporary Connector Bridge & Expanded SSCP/TSA-Pier A.

11. In furtherance of those discussions, on or about May 18, 2016, K2 and RCGA entered into Short Form Subcontract No. 0518-0001 (the "Contract"). Pursuant to the Contract, K2 agreed to perform Design Consultation, Subject Matter Expert Services, and Program/Construction Management Support Services to RCGA, at a labor cost not to exceed $69,486.50 and reimbursable costs not to exceed $5,057.92. A fully executed copy of the Contract is attached hereto as Exhibit A.

12. The Contract was signed by Robert St. C. Gaskin, President and Chief Executive Officer of RCGA, and Bruce A. Neiswender, Principal of K2.

13. From in or about June 2016 through January 2017, K2 provided services pursuant to the terms of the Contract, and invoiced RCGA on a monthly basis pursuant to Section 2 of the Contract.

14. K2's invoices for the period June 2016 through January 2017 totaled $69,150.50 for labor and reimbursable costs. Copies of the K2 invoices for the period June 2016 through January 2017 are attached hereto as Exhibit B.

15. RCGA did not object in any way to the services rendered by K2 or to the invoices submitted by K2.

16. Pursuant to Section 2 of the Contract, RCGA was required to make payments of 100% of each invoice within thirty (30) days of the date of each Invoice. To date, RCGA has not paid any part of the invoices tendered by K2 for services and costs provided under the Contract.

17. Pursuant to Section 2 of the Contract, contractual interest accrues at a rate of 1% per month for each month an invoice is past due. A statement showing interest due on each past due invoice is attached hereto as <u>Exhibit C</u>.

## COUNT I
### (Breach of Contract)

18. K2 repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 18 of this Complaint as if such allegations were individually and fully set forth herein.

19. K2 complied with all of its obligations under the Contract by providing services to RCGA pursuant to the terms of the Contract.

20. K2 billed RCGA for its services and costs by way of monthly invoices rendered pursuant to Section 2 of the Contract, which invoices are attached hereto as Exhibit B.

21. K2 invoiced RCGA a total of $69,150.20 for the months June 2016 through January 2017.

22. RCGA breached the Contract by failing to pay any of the invoices issued by K2 within thirty (30) days of the date of the invoice, pursuant to Section 2 of the Contract, and remains in breach for its continued failure to pay such invoices.

23. Further, pursuant to Section 2 of the Contract, K2 is entitled to collect 1% per month for each invoice that went unpaid. As of January 2, 2018, the amount of unpaid interest due on K2's invoices is $12,305.49.

24. As a result of RCGA's breach of the Contract, K2 has suffered damages in the total amount of $81,455.69.

## COUNT II
### (Account Stated)

25. K2 repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 24 of this Complaint as if such allegations were individually and fully set forth herein.

26. K2 duly rendered statements of account to RCGA by rendering monthly invoices for the months June 2016 through January 2017.  Each invoice showed the amount due and owing to K2.

27. RCGA received each invoice without challenge, complaint, offset, rejection, or objection.

28. The invoices for the period June 2016 through January 2017 indicate a balance due and owing of $69,150.20 plus 1% interest per month for each invoice that went unpaid.

29. As a result, K2 is entitled to judgement on the basis of an account stated in the sum of $81,455.69.

## PRAYER FOR RELIEF

**WHEREFORE**, K2 respectfully requests that this Court render judgment in favor of K2 for:

(a) damages in the sum of $81,455.69;

(b) interest;

(c) attorneys' fees and the costs; and

(d) such other and further relief as the Court deems just and proper.

Plaintiff requests trial by jury on all claims triable.

Dated: New York, New York  　　　　　　　HOLLAND & KNIGHT, LLP
　　　　　January 5, 2018

　　　　　　　　　　　　　　　　　　　　By:　　/s/ Christine N. Walz
　　　　　　　　　　　　　　　　　　　　Christine N. Walz
　　　　　　　　　　　　　　　　　　　　christine.walz@hklaw.com
　　　　　　　　　　　　　　　　　　　　Sheila (Qian) Shen
　　　　　　　　　　　　　　　　　　　　qian.shen@hklaw.com
　　　　　　　　　　　　　　　　　　　　31 West 52nd Street
　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　Phone: (212) 513-3200
　　　　　　　　　　　　　　　　　　　　Fax:  (212) 385-9010
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff K2 Construction Consultants Inc.*